UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| Allison Brunner | : | Chapter 7 |
| | : | |
| | : | |
| Debtor | : | Case No.: 16-10979MDC |

## EXPEDITED MOTION TO ALLOW PERMISSION TO AMEND VOLUNTARY PETITION TO REMOVE HEALTH CARE BUSINESS DESIGNATION PURSUANT TO 11 U.S.C.§101(27A).

The Debtor through her undersigned Counsel humbly requests that this Honorable Court grant an expedited hearing on the Debtor's Motion to Allow Permission to Amend the Voluntary Petition to remove the designation that Debtor is a "Health Care Business" as defined by 11 U.S.C.§101(27A).

1.     Allison Brunner ("Debtor") filed for relief under Chapter 7 Bankruptcy on or about February 16th, 2016.

2.     The Debtor is an individual.

3.     The Debtor is a licensed therapist and operates a sole proprietorship.

4.     The Debtor's business as a therapist involves seeing her clients on an hourly basis at an office that she rents.

5.     Pursuant to 11 U.S.C.§101(27A) a "health care business":

(A)  means any public or private entity (without regard to whether that entity is organized for profit or not for profit) that is primarily engaged in offering to the general public facilities and services for—
(i)the diagnosis or treatment of injury, deformity, or disease; and
(ii)surgical, drug treatment, psychiatric, or obstetric care; and
(B)includes—
(i)any—
(I)general or specialized hospital;
(II)ancillary ambulatory, emergency, or surgical treatment facility;

(III) hospice;

(IV) home health agency; and

(V) other health care institution that is similar to an entity referred to in subclause (I), (II), (III), or (IV); and

(ii) any long-term care facility, including any—

(I) skilled nursing facility;

(II) intermediate care facility;

(III) assisted living facility;

(IV) home for the aged;

(V) domiciliary care facility; and

6.    The Court in *In re Medical Associates of Pinellas,* concluded that to be determined a "health care business", four elements needed to be shown pursuant to 11 U.S.C.§101(27A).  See 360 BR 356.

1. The Debtor must be a public or private entity;

2. The Debtor must be primarily engaged in offering to the general public facilities and services;

3. The facilities and services must be offered to the public for the diagnosis or treatment of injury, deformity or disease; and

4. The facilities and services must be offered to the public for surgical care, drug treatment, psychiatric care or obstetric care.

7.    The first element is the most determinative here, in that the Debtor is an individual, and is not a public or private entity.

8.    Additionally, the Debtor is competent in her profession; the weight is against the appointment of an ombudsman when the cause of the Debtor's bankruptcy is something other than deficiencies or allegation of deficiencies in patient care.  See Alternate Family Care, 377 B.R. at 759.

9.    The Debtor's business did not come into existence until 2014.

10.    The vast majority of debts listed in the petition and schedules were incurred prior to the commencement of the business.

11.    The subject unsecured debts, but for student loans, were incurred due to the Debtor's own personal health issues and were totally unrelated to her business.

12.    Therefore, the Debtor is an individual and not a health care business pursuant to 11 U.S.C.§101(27A), and hence does not require the appointment of an ombudsman pursuant to 11 U.S.C.§333.

WHEREFORE, the Debtor humbly requests that this Court Honorable Court grant an expedited hearing, or an Order in consideration of this Motion to Allow Permission to Amend the Voluntary Petition to remove the designation that Debtor is a "Health Care Business" as defined by 11 U.S.C.§101(27A).

Dated: February 26, 2016

/s/Brad J. Sadek, Esq.
Brad J. Sadek, Esq.
Attorney for Debtor
Sadek and Cooper
1315 Walnut Street, #502
Philadelphia, PA 19107
215-545-0008