## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| ALLISON BRUNNER | : | |
| | : | |
| | : | |
| Debtor | : | Bankruptcy No.: 16-10979 (MDC) |

### UNITED STATES TRUSTEE'S MOTION FOR COURT DETERMINATION WHETHER DEBTOR IS A HEALTHCARE BUSINESS AND WHETHER THE APPOINTMENT OF A PATIENT CARE OMBUDSMAN IS NECESSARY IN THIS CASE

The United States Trustee for Region Three, by and through his undersigned counsel, hereby moves for a Court determination of whether this debtor is a healthcare business and, if so, whether a patient care ombudsman should be appointed in this case, said motion being based on the following:

1. Andrew R. Vara is the Acting United States Trustee for this jurisdiction.

2. Pursuant to 28 U.S.C. Section 586, the United States Trustee is responsible for the supervision and administration of all cases filed under Chapter 7 of the Bankruptcy Code. The United States Trustee has standing in this matter. 11 U.S.C. §§ 307.

3. The debtor filed a petition under Chapter 7 on February 16, 2016. Terry P. Dershaw was appointed Chapter 7 trustee.

4. The debtor designated in her petition that she is a Health Care Business Case defined in 11 U.S.C. 101§(27(A)).

5. Upon information, the debtor is a Licensed Clinical Social Worker (LCSW) and provides therapy for individuals.

6. The United States trustee requested and the debtor provided information with respect to her business.

7. On March 2, 2016, the debtor amended her petition removing the health care designation.

8. The United States Trustee has requested information from the debtor with respect to the operation of its business as well as whether the business should have been designated as a healthcare business under 11 U.S.C. § 101 (27A).

9. Title 11 U.S.C. § 333(a)(1) states:.

(a)(1) "If the debtor in a case under chapter 7, 9, or 11 is a healthcare business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patient of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case."

10. The United States Trustee believes a hearing is necessary to allow the Court to determine whether the debtor is a healthcare business and whether the appointment of a patient care ombudsman is necessary to monitor the quality of patient care and to represent the interests of the patients in this case. In the alternative, the United States Trustee believes a hearing is necessary for the Court to determine either whether the debtor is not a healthcare business or that the appointment of a patient care ombudsman is not necessary for the protection of patients.

**WHEREFORE,** based on the foregoing, the United States Trustee requests a hearing on the matter.

Respectfully submitted,

ANDREW R. VARA
Acting United States Trustee, Region 3

BY:    */s/ Kevin P. Callahan*
KEVIN P. CALLAHAN
Trial Attorney
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107
Telephone: (215) 597-4411
Facsimile:  (215) 597-5795

Dated: March 7, 2016